# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RHEA WILLIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07CV1131 CEJ |
| ) | |
| VELDA CITY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's motion to proceed in forma pauperis. The Court has reviewed the financial information provided by the plaintiff and finds that the motion should be granted. Pursuant to 28 U.S.C. § 1915(e), the Court is required to review the complaint and to dismiss any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the complaint, the Court finds that it should be partially dismissed prior to service of process.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of her constitutional rights. Named as defendants are Velda City, the Velda City Police Department ("VCPD"), Robert L. Hensley (Mayor, Velda City), Etheria Thompson

(Colonel, VCPD), LaQuitta Cleveland (Officer, VCPD), the Velda City Police Board ("VCPB"), Irma Hamm (President, VCPB), the Velda City Board of Alderpersons, Dwayne Gibson (Alderperson), Arthur Ruffin (same), Sherman Curtis (same), Althea Morris (same), Carl Thomas (same), Melda Bernard Collins (same), and Deanna L. Jones (City Clerk). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on April 24, 2007, defendant Cleveland and another unknown police officer ordered plaintiff and three other individuals off of a public park located in Velda City. Plaintiff further alleges that on June 12, 2007, defendant Jones denied her request for a permit to make repairs on her home. Plaintiff claims that the alleged actions were taken against her because she is an African-American female.

**Discussion**

The complaint survives initial review as to defendants Cleveland and Jones. As a result, the Court will order the Clerk to issue process or cause process to issue as to these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox,

47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Hensley, Thompson, Gibson, Ruffin, Curtis, Morris, Thomas, or Collins were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim as to these defendants, and these defendants shall be dismissed under 28 U.S.C. § 1915(e)(2)(B).

For a local municipal defendant to be liable under § 1983, a plaintiff must allege that a policy or custom of the municipality inflicted the injury to plaintiff. Monell v. Dep't. of Soc. Serv. of City of New York, 436 U.S. 658, 694-695 (1978). Plaintiff has not identified a policy or custom of Velda City that led to the alleged deprivation of her constitutional rights. As a result, the complaint the complaint fails to state a claim as to Velda City, the Velda City Police Department, the Velda City Police Board, or the Velda City Board of Alderpersons, and these defendants shall be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue as to defendants Velda City, the Velda City Police Department, the

Velda City Police Board, the Velda City Board of Alderpersons, Hensley, Thompson, Gibson, Ruffin, Curtis, Morris, Thomas, or Collins because, as to these defendants, the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendants LaQuitta Cleveland[1] and Deanna Jones.[2]

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of October, 2007.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Cleveland is alleged to be a police officer for the Velda City Police Department.

[2] Defendant Jones is alleged to be a city clerk for Velda City, Missouri.