# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RHEA WILLIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07CV1131 CEJ |
| LAQUITTA CLEVELAND and DEANNA L. JONES, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to compel production of documents from defendants LaQuitta Cleveland and Deanna Jones. Defendants oppose plaintiff's motion. For the following reasons, plaintiff's motion to compel will be denied.

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of her civil rights. Plaintiff claims that in April of 2007, defendant Cleveland, a police officer with the Velda City Police Department, ordered her to leave a public park located in Velda City. Plaintiff further alleges that in June of 2007, defendant Jones, the Velda City Clerk, unlawfully denied her request for a permit to make repairs on her home. Plaintiff claims that the alleged actions by defendants Cleveland and Jones were taken against her because she is an African-American.

In her motion to compel, plaintiff seeks production of documents related to defendant Cleveland's cell phone logs and/or the City's telephone logs from the time period immediately before defendant Cleveland directed plaintiff to leave the City Park. Plaintiff also seeks the cell phone records of two persons not parties to this action, an Officer Rodriquez and the Mayor of Velda City. Plaintiff states that she is requesting the telephone logs because she believes that the Mayor of Velda City called Cleveland to request that she and her partner (Rodriquez) remove plaintiff from the park.

Defendants objected to plaintiff's request as irrelevant and immaterial, noting that the mayor and Officer Rodriquez are not parties to this action and moreover, whether or not the mayor called defendant Cleveland on that date has no relevance to whether defendant Cleveland's directive to plaintiff to leave the park was racially motivated. Subject to their objections, defendants state that they do not have any documents responsive to plaintiff's requests, and in their response brief they explain their diligence in attempting to attain said documents from the City Clerk and defendant Cleveland.

The Court agrees that the telephone logs requested by plaintiff likely have no relevance to plaintiff's assertion that she was subjected to racial discrimination by officer Cleveland. The <u>records</u> of phone calls made or received by defendant Cleveland provide no information as to her motivations in evicting plaintiff from the

City park.  The substance of any conversation would not be revealed by the record of a phone call.  .

The Court is satisfied that, even if the telephone records are relevant, defendants fulfilled their responsibility to make diligent efforts to obtain the records from defendants Cleveland and Jones and have been unable to produce the documents.  As such, plaintiff's motion to compel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel production of documents [Doc. #24] is **denied.**

Dated this 3rd day of September, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE