UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHEA WILLIS on her own behalf and as next friend for C.W., C.W., and E.W., | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:07-CV-1131 (CEJ) ) |
| LAQUITTA CLEVELAND and DEANNA L. JONES, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for summary judgment. In response, plaintiff has filed a cross-motion for partial summary judgment and a memorandum in opposition to defendants' motion. All issues are fully briefed.

Plaintiff Rhea Willis resides in Velda City, Missouri. She filed this action pursuant to 42 U.S.C. § 1983 on behalf of herself and as next friend for her three minor children, challenging the actions of city officials in two different incidents. The first incident occurred on April 29, 2007, when plaintiff and her minor children were asked by defendant LaQuitta Cleveland, a Velda City police officer, to leave a neighborhood park. The second incident plaintiff complains of occurred on June 12, 2007, when defendant Deanna Jones refused to issue plaintiff a permit to make repairs on her home.

In the complaint, plaintiff alleges that defendants' actions were improperly motivated by race and gender. However, in her opposition to defendants' motion, plaintiff dismisses her claims

based on race and fails to address her claims based on gender and thus is deemed to have abandoned them.  Defendants will be granted summary judgment with respect to plaintiff's claims brought on her own behalf.

Plaintiff asserts for the first time in response to defendants' summary judgment motion that her minor children were denied equal protection under the law based upon their status as children.  She seeks leave to amend her pleadings to assert a claim based on age.

**Background**

The record establishes that in 2006, Velda City received a grant to renovate Parkdale Memorial Park.  Robert Hensley, Mayor of Velda City, testified that prior to April 29, 2007, the Board of Aldermen expressed a wish to preserve the park by preventing children from playing there.  There is no indication whether the board formally adopted a policy or ordinance on this issue.

On April 29, 2007, plaintiff, her three children, along with an adult neighbor and her child, went to the park.  The children were doing cartwheels in the grass.  Defendant Cleveland and her partner approached the adults and stated that children were not allowed to play in the park.  She asked the party to leave the park, which they agreed to do.  Plaintiff attended the next meeting of the Board of Alderman and asked about the rules governing the use of the park.  She was told that the park was for "relaxation" and should be "admired from afar like a cemetery."  The May/June 2007 edition of the "Velda City's Voice," a local newsletter

distributed to all residents, included a plea for "respect for Parkdale Memorial Park. This is not a park for children to play. Playing in the grass or in the flowers destroys the park. Let us be respectful and considerate of all the hard work put into making the park beautiful for all to see." This statement appeared over the name of Alderwoman Althea Morris.

**Discussion**

The Court will not grant plaintiff leave to amend her complaint to assert a claim that her children were denied equal protection of the laws based on their age. Defendants did not have the benefit of knowing of this potential claim when they took plaintiff's deposition and thus would incur the expense of redeposing her. Further, the amendment would be futile. "Age, unlike race or gender, is not a suspect classification subject to strict or even heightened scrutiny under the equal protection clause." Weber v. Strippit, Inc., 186 F.3d 907, 911 (8th Cir. 1999)(rejecting claim that peremptory strikes based on age violate Batson)(citing Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313-14 (1976); Humenansky v. Regents of the Univ. of Minn., 152 F.3d 822, 827 (8th Cir. 1998)). Thus, the city can avoid running afoul of the equal protection clause by articulating a rational basis for the decision to prevent children from playing in the park. See Executive Air Taxi Corp. v. City of Bismarck, N.D., 518 F.3d 562, 566 (8th Cir. 2008)(where no suspect classification is involved, state actor need show only that differential treatment is rationally related to a legitimate state interest). The city's

reason -- preserving the beauty of the park -- withstands the highly deferential rational-basis review. See Citizens for Equal Protection v. Bruning, 455 F.3d 859, 867 (8th Cir. 2006) (classification upheld "if there is any reasonably conceivable state of facts that could provide a rational-basis").

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. #29] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment [Doc. #35] is **denied**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2009.